FILED
 2005 Apr-04  PM 04:14
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JOHN ALLEN BRATTON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | )  **Civil Action No. CV 04-RRA-262-W** |
| | ) |
| **WARDEN GRANT CULLIVER,** | ) |
| **and THE ATTORNEY GENERAL** | ) |
| **FOR THE STATE OF ALABAMA,** | ) |
| | ) |
| **Respondents.** | ) |

**MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama.  28 U.S.C. § 2254.  The petitioner, John Allen Bratton, was convicted on March 4, 1996, in the Circuit Court of Tuscaloosa County, of first degree robbery.  He was sentenced as an habitual felon to a term of life imprisonment without the possibility of parole.  On November 14, 1997, the Alabama Court of Criminal Appeals affirmed his conviction and sentence in a memorandum opinion. Bratton's application for rehearing was overruled on March 6, 1998.  On March 24, 1998, the Supreme Court of Alabama denied Bratton's petition for a writ of certiorari and issued a certificate of final judgment

On March 2, 2000, Bratton filed a Rule 32 petition in the Circuit Court of Tuscaloosa County.  The trial court dismissed the petition on December 15, 2000.  On

June 21, 2002, the Alabama Court of Criminal Appeals affirmed the trial court's denial of the Rule 32 petition in a memorandum opinion. Bratton's application for rehearing was overruled. On October 18, 2002, the Supreme Court of Alabama denied Bratton's petition for a writ of certiorari and issued a certificate of final judgment.

The petitioner filed a second post-conviction motion in December, 2002. The trial court denied the petition, and the Alabama Court of Criminal Appeals affirmed the denial of the petition on June 20, 2003. The certificate of judgment was issued on December 12, 2003.

Bratton filed a petition for a writ of habeas corpus in this court on February 9, 2004. In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner has filed a traverse.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court. The limitation period shall run from the latest of —

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Bratton's conviction became final on June 22, 1998, the date on which the ninety-day period for filing a petition for certiorari to the United States Supreme Court expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, the one-year period he had to attack the convictions began to run on June 22, 1998, giving him until June 22, 1999, to file a habeas petition in this court. He did not file a habeas corpus

petition in this court until February 9, 2004. Thus, the petition is barred by the statute of limitations.

Title 28 U.S.C. § 2244(d)(2) does not help the petitioner. That section provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Although Bratton did successfully file two Rule 32 petitions in state court, those petitions were not filed until March 2, 2000, and December 19, 2002, well after the statute of limitations expired on June 22, 1999. The fact that Bratton successfully filed two Rule 32 petitions after the expiration of the one-year period for filing in federal court did not start the running of the limitations periods anew:

> Section 2244(d)(2) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year state of limitations by bringing a belated state collateral attack. See, e.g., *Hamilton v. Miller*, No. 98 CV 5669, 1999 WL 438472 at *3 (E.D.N.Y. May 18, 1999); *DeVeaux v. Schriver*, slip op. at 8; *Varsos v. Portuondo*, slip op. at 4; *Smith v. McGinnis*, No. CV 98-1034, 1999 WL 312121 at *3-4 (E.D.N.Y. March 17, 1999); *Cromwell v. Keane*, 33 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (Rakoff, D.J. & Peck, M.J.).
> Rather, § 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations. *See, e.g., Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir.1998) ( "Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."); *DeVeaux v.*

> *Schriver*, slip op. at 8; *Broom v. Garvin*, 99 Civ. 1083, 1999 WL 246753 at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Hamilton v. Miller*, 1999 WL 438472 at *3; *Smith v. McGinnis*, 1999 WL 312121 at *3-4; *Varsos v. Portuondo*, slip op. at 4-5; *Brooks v. Artuz*, 98 Civ. 4449, 1999 WL 138926 at *2 (S.D.N.Y. March 15, 1999) ("The tolling provision [in 28 U.S.C. 2244(d)(2) ] does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (*quoting Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y.1998)); *Cowart v. Goord*, 97 Civ. 3864, 1998 WL 65985 at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("the filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations"); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (petitioner's statute of limitations period was suspended only during the period state collateral motions were pending, and began to run again, but not anew, when the state collateral motions were decided).

*Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *3-4 (S.D.N.Y. August 27, 1999). *See also Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004)("A state court filing after the federal habeas filing deadline does not revive it."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)("A state-court petition like [the petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period

5

remaining to be tolled."); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(tolling lasts "only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitation period"); *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)("Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations."). This action is due to be dismissed because it is barred by the statute of limitations.

An appropriate order will be entered.

DONE this 4th day of April, 2005.

_____
United States District Judge